### BRADLEY *v.* SHAFER *et al.*

*(Supreme Court, General Term, Third Department.* September 29, 1892.)

PLEADING—AMENDMENT AFTER VERDICT.

> In an action against a married woman for tort, where her husband was joined as a defendant, but the complaint demanded judgment only against the woman, nothing occurred on the trial to indicate that a recovery was expected against the husband, and the only reference to him in the charge of the trial judge was that he was a necessary party, because a married woman could not be sued for a tort alone. *Held,* that the complaint could not, after a general verdict in favor of plaintiff, be amended so as to demand judgment against the husband also.

Motion for rehearing. Denied. For decision on appeal, see 19 N. Y. Supp. 640.

*Henry T. Sanford, (Eugene Burlingame,* of counsel,) for appellants. *Frank Kampfer, (Jacob Clute,* of counsel,) for respondent.

PER CURIAM. We have again examined this case. Robert Shafer was made a party defendant with his wife, Margaret, and the facts as claimed by plaintiff were sufficiently stated in the complaint to constitute a cause of action against both defendants. But the prayer for relief was as follows: "Whereupon the plaintiff and his family have been brought into disrepute, * * * to his damage $5,000, for which amount plaintiff demands judgment against the defendant Margaret Shafer, and costs." It will be seen there is no ambiguity in this prayer. It is quite clear that no money judgment is asked for by the plaintiff in the complaint against Robert Shafer. Nor are we able to see that anything occurred in the course of the trial, nor was any statement made in the charge of the trial judge, indicating that plaintiff expected to recover a money judgment against the defendant Robert. It is true that the trial judge stated that Robert was a necessary party de-

fendant, but we are unable to discover anything in his remarks that should give notice to defendants that plaintiff claimed any other relief than that demanded in the prayer of his complaint. This motion is made on the ground that during the trial on the motion for nonsuit, and on the submission of the case to the jury, no objection was made by defendants, or either of them, to the pleading. No suggestion was made that, under the complaint, plaintiff should not recover a money judgment against the defendant Robert. It is true that when a cause of action against one or more defendants is defectively stated in the complaint, and such defendant or defendants make no objection on the trial to the defective pleading, but try the case as if the complaint were properly framed, such defendant will not be allowed afterwards, on appeal, to raise the question as to the sufficiency of the pleading that he should have objected to on the trial. But here the complaint was clear and unambiguous. The plaintiff made no claim against the defendant Robert to recover a money judgment. Robert was not called upon to make any objections. The complaint was such that no judgment could be recovered against him, except for nominal damages. He had a right to rely upon the pleading, and was not bound to call the attention of the court to it. Had the attention of the learned counsel who represented plaintiff been called to the prayer for relief in the complaint during the trial, doubtless the court could and would have allowed an amendment. But the complaint remained unmended, and the verdict of the jury, in fact rendered, was a verdict against the defendant Margaret alone. No verdict was or could have been entered against Robert, because none was asked when the case was submitted to the jury. According to the statement contained in the case, "the jury rendered a verdict in favor of the plaintiff of $2,500 damages." "This verdict must be deemed rendered, in pursuance of the prayer of the complaint, against the defendant Margaret alone. The change made in the prayer of the complaint some weeks after the rendition of the verdict, and the judgment entered in pursuance of such amended prayer, has the effect of creating by order a verdict never given.

The motion for reargument should be denied, with costs.